21-2567-cv
Lensky v. Turk Hava Yollari A.O.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-three.

PRESENT: DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*[*]

------------------------------------------------------------------

ALONA LENSKY, OTAR DULARIDZE,

*Plaintiffs-Appellants*,

v.                                                               No. 21-2567-cv

TURK HAVA YOLLARI, A.O.,

*Defendant-Appellee.*[*]

------------------------------------------------------------------

[*] Judge Rosemary S. Pooler, originally a member of the panel, passed away on August 10, 2023. The motion is being decided by the remaining members of the panel, who are in agreement. See 28 U.S.C. § 46(d); 2d Cir. IOP E(b).

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:                        WILLIAM T. WOODROW III
                                      (THATCHER A. STONE, *on the*
                                      *brief*), Stone & Woodrow LLP,
                                      Charlottesville, VA

FOR APPELLEE:                         CHRISTOPHER CARLSEN, Clyde
                                      & Co US LLP, New York, NY

Appeal from a judgment of the United States District Court for the

Southern District of New York (Gregory H. Woods, <u>Judge</u>).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED in part

and VACATED in part, and the case is REMANDED for further proceedings

consistent with this order.

Plaintiffs-Appellants Alona Lensky and Otar Dularidze appeal from a

judgment of the District Court (Woods, <u>J.</u>) dismissing their claims against

Defendant-Appellee Turk Hava Yollari, A.O. (THY).  We assume the parties'

familiarity with the underlying facts and the record of prior proceedings, to

which we refer only as necessary to explain our decision to affirm in part and

vacate and remand in part.

The plaintiffs are United States citizens who reside in New York and who

bought airline tickets from THY, an air carrier incorporated and headquartered

in Turkey, to fly from New York City to Tbilisi, Georgia, with a layover in

2

Istanbul, Turkey. On their return to New York City, the plaintiffs were allegedly denied boarding at the airport in Istanbul and injured by Turkish police acting under the direction of THY employees. Plaintiffs sued THY in the Southern District of New York, alleging negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, assault, and false imprisonment, and, in the alternative, seeking damages under Article 17 of the Montreal Convention.

The District Court dismissed the suit for lack of personal jurisdiction. First, the District Court concluded that the Montreal Convention does not confer personal jurisdiction over a defendant. Next, the District Court concluded that New York's long arm statute does not confer personal jurisdiction over THY because the plaintiffs had not established a sufficient nexus between their claims and THY's contacts with New York, and because it found the situs of the plaintiffs' injuries to be located in Turkey, not New York. Finally, the District Court determined that Federal Rule of Civil Procedure 4(k)(2) also does not confer personal jurisdiction over THY. As to general jurisdiction under Rule 4(k)(2), it reasoned that THY, which is incorporated and maintains its principal place of business in Turkey, did not have sufficient contacts with the United

3

States to render THY "at home" in the United States. App'x 117–18. As to specific jurisdiction under Rule 4(k)(2), the District Court reasoned that the plaintiffs "fail[ed] to show how THY's suit-related conduct" had "a substantial connection with the United States." App'x 119–20. The District Court thus granted THY's motion to dismiss. The plaintiffs now appeal the dismissal.

We review de novo the District Court's dismissal of the complaint for lack of personal jurisdiction. Porina v. Marward Shipping Co., 521 F.3d 122, 126 (2d Cir. 2008).

**A. Montreal Convention**

On appeal, the plaintiffs argue that the District Court erred in holding that the Montreal Convention does not confer personal jurisdiction over THY. After oral argument in this case, this Court held in UPS Supply Chain Solutions, Inc. v. EVA Airways Corporation that "the Montreal Convention does not confer personal jurisdiction." 74 F.4th 66, 69 (2d Cir. 2023). We therefore affirm the District Court's judgment insofar as it concluded that the Montreal Convention does not itself confer personal jurisdiction over THY.

**B.  Federal Rule of Civil Procedure 4(k)(2)**

The plaintiffs alternatively offer Rule 4(k)(2) as a basis for personal jurisdiction over THY because of THY's minimum contacts with the United States.  That Rule, which is titled "Federal Claim Outside State-Court Jurisdiction," provides:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2).  Under subsection (A) of the Rule, we have explained, "a defendant sued under federal law may be subject to jurisdiction based on its contacts with the United States as a whole, <u>when the defendant is not subject to personal jurisdiction in any state</u>."  <u>Dardana Ltd. v. Yuganskneftegaz</u>, 317 F.3d 202, 207 (2d Cir. 2003) (emphasis added).

Here, all but one of the Rule's central conditions for the exercise of personal jurisdiction are satisfied.  The plaintiffs' Montreal Convention claim arises under federal law.  <u>See</u> <u>Mora v. New York</u>, 524 F.3d 183, 192–93 (2d Cir. 2008) ("[A] treaty . . . is a law of the land as an act of [C]ongress is, whenever its

5

provisions prescribe a rule by which the rights of the private citizen or subject may be determined." (quotation marks omitted)); see also Erwin-Simpson v. AirAsia Berhad, 985 F.3d 883, 889 n.1 (D.C. Cir. 2021) (noting that "a claim under the Montreal Convention" "arise[s] under federal law" for Rule 4(k)(2) (quotation marks omitted)). And both parties agree that THY is not subject to either general or specific personal jurisdiction in New York (the only State on which the plaintiffs focus on appeal) or in any other State's courts of general jurisdiction. See Oral Arg. Recording at 1:00–1:15, 24:50–25:30.

The only remaining question under Rule 4(k)(2) is whether exercising personal jurisdiction over THY would be "consistent with the United States Constitution and laws" – specifically, whether it would "comport[] with the Due Process Clause of the Fifth Amendment." Dardana, 317 F.3d at 207. It is an "open [] question whether the Fifth Amendment imposes the same restrictions [as the Fourteenth Amendment] on the exercise of personal jurisdiction by a federal court." Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty., 582 U.S. 255, 269 (2017). But it is established that the Due Process Clause of the Fifth Amendment "permits a court to exercise personal jurisdiction over a non-resident where the maintenance of the suit would not offend traditional

6

notions of fair play and substantial justice." Porina, 521 F.3d at 127 (quotation marks omitted). To make that assessment, we engage in a two-step analysis. See id. "First, we ask whether the defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction. . . . [T]he question is whether [the defendant] has sufficient affiliating contacts with the United States in general, rather than with New York in particular[.]" Id. (emphasis added). "If the defendant has sufficient minimum contacts, we proceed to the second stage of the due process inquiry, and consider whether the assertion of personal jurisdiction is reasonable under the circumstances of the particular case." Id. (quotation marks omitted).

The constitutional minimum contacts inquiry distinguishes between general personal jurisdiction and specific personal jurisdiction relating to "the United States as a whole." Dardana, 317 F.3d at 207; see Porina, 521 F.3d at 127–28. We address both theories of personal jurisdiction below.

First, as to general jurisdiction, the District Court applied the standard applicable to the inquiry under the Fourteenth Amendment, see App'x 117–18, and considered whether THY's contacts with the United States are sufficient to render THY "essentially at home in the forum." Daimler AG v. Bauman, 571 U.S.

7

117, 127 (2014). But the District Court did so without first considering whether Daimler is applicable to Rule 4(k)(2)(B), which is limited by the Due Process Clause of the Fifth Amendment. See Dardana, 317 F.3d at 207. Ample case law (albeit pre-dating Daimler) applied a different test to determine whether general jurisdiction exists under Rule 4(k)(2)(B) – that is, whether the defendant's contacts with the United States as a whole are "continuous and systematic" rather than sporadic. Porina, F.3d at 128; see also In re Angeln GmBH & Co. KG, 510 F. App'x 90, 92 (2d Cir. 2013) (summary order); Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico, 563 F.3d 1285, 1297 (Fed. Cir. 2009); Saudi v. Northrop Grumman Corp., 427 F.3d 271, 276 (4th Cir. 2005); Saudi v. Acomarit Maritimes Servs., S.A., 114 F. App'x 449, 452 (3d Cir. 2004). Accordingly, it is an open question whether general jurisdiction under Rule 4(k)(2)(B) must be determined pursuant to the "essentially at home" inquiry or the "continuous and systematic" inquiry. And, assuming Porina is the applicable standard under Rule 4(k)(2), whether THY's alleged contacts with the United States as a whole are "continuous and systematic" is not an issue that the District Court clearly addressed or that we should attempt to resolve in the first instance.

8

Second, as to specific jurisdiction under Rule 4(k)(2)(B), Due Process requires that the defendant takes "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum," and the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum" – here the United States. Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1024–25 (2021) (quotation marks omitted); see also Porina, 521 F.3d at 128. Plaintiffs have plausibly alleged facts sufficient to establish the first prong of this inquiry – that is, that THY has "purposefully avail[ed] itself of the privilege of conducting activities within the" United States. Id. For example, as the plaintiffs informed the District Court and THY does not dispute, THY services airports in eight States and lists sales and cargo offices in each of those States. See App'x 72. The plaintiffs also observed that THY "transacts a great deal of business in the United States, profiting from daily flights that travel in and out of multiple US states daily," App'x 74, and it "facilitate[s] and implement[s] this travel by way of cargo personnel, mechanics, flight crews, sales agents, and executives," App'x 119.

It is not clear to us, however, that the District Court adequately considered whether the plaintiffs' claims "arise out of or relate to" THY's contacts with the

9

United States. Ford, 141 S. Ct. at 1025. The relevant language does not appear in the District Court's specific jurisdiction analysis under Rule 4(k)(2)(B). See App'x 118–20. Especially after Ford, the fact that the plaintiffs were allegedly injured outside the United States cannot be the dispositive consideration in the specific jurisdiction analysis under Rule 4(k)(2)(B). The District Court must consider whether the plaintiffs' claims more broadly "arise out of or relate to" THY's contacts with the United States, including all of THY's activities referred to above.

We therefore vacate the judgment of dismissal and remand the case to the District Court to determine whether there is a basis, consistent with this order, for exercising general jurisdiction or specific jurisdiction over THY under Rule 4(k)(2). On remand, the District Court may order jurisdictional discovery to resolve any factual questions that may arise as to the extent of THY's activities and presence in the United States. See Dardana, 317 F.3d at 208.

For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10